# 06 CV 6846

## JUDGE BRIEANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

FLETCHER QUILLER,

                                 Plaintiff,

      -against-

THE CITY OF YONKERS, POLICE OFFICER JOSEPH
VELLOZZI, POLICE OFFICER MATTHEW DONALDSON,
POLICE OFFICER RICHARD HURLEY, POLICE OFFICER
PIERO OLCESE, LIEUTENANT RICHARD DOHENY,
POLICE COMMISSIONER ROBERT TAGGART
AND YONKERS POLICE DEPARTMENT,

                            Respondents.

------------------------------------------------------------------x

Index No.:

**JURY TRIAL DEMANDED**

*[stamp: 2006 SEP - 6 PM 4:18  U.S. DISTRICT COURT  S.D. OF N.Y.  FILED]*

Plaintiff, Fletcher Quiller, by his Attorneys, OFODILE & ASSOCIATES, P.C.,

complaining of the Defendants, The City of Yonkers, Police Officer Joseph Vellozzi, Police

Officer Matthew Donaldson, Police Officer Richard Hurley, Police Officer Piero Olcese, Police

Lieutenant Richard Doheny,  Police Commissioner Robert Taggart  and Yonkers Police

Department, alleges as follows:

## JURISDICTION

1.    This is an action at law to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage, of rights, privileges, and immunities secured to the Plaintiff by the

Fourth, Fifth,  and Fourteenth Amendments to the Constitution of the United States, and by 42

U.S.C. § 1983 [and § 1985]..

-1-

2.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege, or immunity secured for the Plaintiff by the Constitution and laws of the United States.  Jurisdiction of this court exists pursuant to 42 USC § 1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**VENUE**

3.    Venue is proper in the Southern District of New York as the events complained of herein occurred in the City of Yonkers, Westchester County, which is within the jurisdiction of this Court.

**PARTIES**

4.    Plaintiff Fletcher Quiller (also sometimes simply referred to as "Plaintiff") was at all times relevant and material to this case, a resident in the City of Yonkers within the jurisdiction of this Court.

5. At all times relevant and material to this case, the City of Yonkers was, and upon information and belief, still is, a municipal corporation incorporated under the laws of the State of New York and the employer of all the individual defendants herein and has as its address for service of process care of The Corporation Counsel of the City of Yonkers, City Hall, 40 South Broadway Room 300, Yonkers, New York 10701

6. At all times relevant and material to this case defendant Police Officers Joseph Vellozzi, Matthew Donaldson, Richard Hurley and Piero Olcese were Police Officers employed by the City of Yonkers Police Department, a branch of the City of Yonkers and each is sued herein in their personal capacities and as agents of the City of Yonkers under the common law.

7. Defendant Police Lieutenant Richard Doheny is sued herein in his personal capacity as well as in his supervisory capacity for his actions at the scene which had the effect of adopting and validating the actions of the individual defendants and conspiring to deprive Mr. Quiller of his constitutional rights.

8. The Yonkers Police Department whose address is at 104 South Broadway Yonkers, New York 10701 is the employer of the Police Officers in question and with the City of Yonkers is responsible to the Plaintiff for the damages he sustained herein,

9. Police Commissioner Taggert is sued herein his official capacity and for his policies which has the effect of encouraging police brutality by his failure to discipline and monitor police officers under him.

### FULFILMENT OF ADMINISTRATIVE ACTIONS

10. Mr. Fletcher Quiller has fulfilled all conditions precedent to the institution of this action by filing a notice of Claim within 3 months of the occurrence of the events described herein and was given "claim number" 127/06 and also attended a 50-H Hearing on August 9, 2006 and this action is filed within a year and ninety days of the events complained of herein.

## FACTUAL ALLEGATIONS

11. On March 19, 2006 at approximately 2:00 a.m. at 765 Bronx River Road, Apt. 5I, Yonkers, New York 10701, Mr. Quiller was talking to his girlfriend who had a daughter for him through the closed window of the fifth floor fire-escape of the apartment they shared together with their daughter when Police Officers Joseph Vellozzi, Matthew Donaldson, Richard Hurley and Piero Olcese arrived at the premises.

12. Mr. Quiller was told to come down from the fire escape otherwise they would toss him down from the fire escape. Fearing mortally for his life, Mr. Quiller entreated his girlfriend to open the fire-escape window for him to go in but she refused.

13. Two of the individual defendant Police Officers (among Joseph Vellozzi, Matthew Donaldson, Richard Hurley and Piero Olcese) entered the apartment that Mr. Quiller shared with his girlfriend, opened the window and asked Mr. Quiller to come into the apartment.

14. Before Mr. Quiller attempted to enter the apartment, he had implored his girlfriend Ms. Clarke not to leave the room because he was afraid defendant Police Officers would kill him if she left and his fear was based on the reputation that the City of Yonkers Police had developed for vicious assaultive behavior. The named Officers asked Ms. Clarke to leave and go into another room and when she did, the Officers closed the door so that she would not see what would happen.

-4-

15.  Seeing the crazed and bizarre look in the eyes of one of the Officers inside the apartment, Mr. Quiller raised his hands, told the officers that he did not want any problems and was doing as instructed by putting one foot into the window and before he could put the other foot down the Officer with the crazy look grabbed Mr. Quiller by his pants near the knees, snatched him off the fire escape window and viciously pulled him to the floor of the apartment and then violently flung him over.

16. Mr. Quiller was punched, kicked and hit by the Police Officers and the Officer that had the crazed and bizarre look brought out a retractable metal baton with which he hit Mr. Quiller on his face and leg many times.

17. During the assault, battery and the vicious attack meted out to Mr. Quiller, the two Police Officers who had not initially entered the apartment came into the apartment and all the four officers joined in punching, hitting and kicking Mr. Quiller as well as in pulling him up and throwing him down in the apartment.

18. Defendant Police Officers inflicted grievous and life threatening injuries on Mr. Quiller and Mr. Quiller would have died from his injuries were he not rushed soon after to Westchester Medical Center for treatment.

-5-

19. The injuries sustained by Mr. Quiller, included, but were not limited to, three fractured vertebrae which caused temporally paralysis to Mr. Quiller and may still lead to complete paralysis.

20.  The facial bones on both sides of Mr. Quiller's face were crushed in and broken in many places. His nasal bones were broken in several places and both eye sockets were fractured and crushed. Mr. Quiller's jaw bones were also broken in five places.  Mr. Quiller also had a broken tooth.

21. Plaintiff also lost a lot of blood at the scene due to the vicious attacks and brutality he was subjected to by Police Officers Joseph Vellozzi,  Matthew Donaldson, Richard Hurley and Piero Olcese and for a long time after the attack suffered from internal bleeding and was coughing and spitting out blood.

22.  When Lieutenant Richard Doheny arrived at the scene, once he opened the door, he immediately exclaimed: "What the fuck did you guys do here!" He then started coaching his Police Officers on what to say and how to explain Mr. Quiller's injuries and blame Mr. Quiller for the injuries he sustained. He then told the officers while softly gesturing towards Mr. Quiller, "Don't worry about him, he might not make it anyway, and if he does, he won't remember any of this."

-6-

23.   After Lieutenant Doheny directed that an ambulance be called, he and the officers were discussing how to get their story straight so that they would be on the same page, and at some time in the discussion, they suggested that the explanation would be that Plaintiff fell five stories. While they were trying to "get their stories straight", Plaintiff's niece came in and, seeing Plaintiff's condition, was seriously alarmed and wanted to know from the officers why they had to inflict so much injuries on Plaintiff when Plaintiff was tiny compared to the Officers and there were four of them. After exchanging some words with Mr. Quiller's visibly pregnant niece, Defendant Police Officers arrested her for obstruction of governmental administration and soon afterwards the ambulance arrived and Plaintiff was taken to Westchester Medical Center.

24.   Mr. Quiller was taken to Westchester Medical Center where he was admitted and stayed from March 19, 2006 until his initial discharge on April 10, 2006. Mr. Quiller thereafter went back several times for more surgeries and is still scheduled for further surgeries.

25.   When Mr. Quiller got to Westchester Medical Center, among other treatments, the doctors made a custom body prosthetic cast which was placed in his back region to prevent his upper half and lower half from moving at different times (such movement would have caused paralysis) which he wore for several months.

26.   On March 19, 2006, Plaintiff underwent two surgeries to bring his jawbone back together and at which time two metal plates attached with four screws were permanently inserted into his jaw from which he still feels pain.

27.  Because Mr. Quiller was viciously and brutally battered and brutalized, he was so swollen that the doctors had to wait until the swelling subsided before they could perform other surgeries which were performed on March 31st 2006 and April 5, 2006 to reconstruct his cheekbones and eye sockets. Three metal plates were inserted into Mr. Quiller's face in an attempt to ameliorate the effects of the injuries that the Police Officers inflicted on him.

28.  As a result of the brutal assault on Mr. Quiller, he has sustained permanent injuries, including, but not limited to, blurred and deteriorated vision in his left eye, limitations in motions and ability to carry or lift heavy objects and has been told by his physicians that he would have to live with substantial physical pain for the rest of his life because of the injuries that the individual Police Officers inflicted on him.

29. Plaintiff has also been emotionally traumatized, has flashbacks and has been diagnosed with posttraumatic stress disorder and believes that his emotional injuries are also permanent.

30. The attack on Mr. Quiller was neither necessary nor reasonable having regard to all the circumstances and the objective facts the officers were faced with.

31. Mr. Quiller has incurred and would continue to incur substantial medical costs and expenses as a result of the injuries he sustained at the hands of the defendants and their agents.

32. Mr. Quiller's ability to hold employment, be gainfully employed, and/or earn income, has been negatively impacted as a result of the vicious attack on him and its long term consequences.

33. The assault, battery and use of excessive force violated Plaintiff's rights under the common law and also his constitutional rights under 42 U.S.C. §1983.

34. After arresting Mr. Quiller, he was charged with burglary, assault and resisting arrest.

35. There was no reasonable basis for charging Mr. Quiller with these crimes as the Officers knew that he shared the home with Ms. Clarke, he did not assault Ms. Clarke or the Police and, neither did he resist arrest.

36. The Defendant Police Offices knew that charging Plaintiff with a serious crime such as a felony would cause his bail to be set at a very high rate and would cause him to remain in jail and be prosecuted for a crime he did not commit but they still charged Plaintiff with burglary when there was no evidence to support same. Charging and prosecuting Plaintiff with burglary was done maliciously.

37. Defendant Police Officers knew that Plaintiff did not assault anyone and yet he was charged with assault and charging and prosecuting Plaintiff with assault was malicious.

-9-

38.  As a result of the malicious prosecution of Plaintiff, he was incarcerated until July 12, 2006.

39.   Defendant Police officers arrested Plaintiff without reasonable cause to believe that Plaintiff had committed any crime or was committing a crime and as a result of the false arrest of Plaintiff, plaintiff was imprisoned until July 12, 2006 when he was released.

40.  As a result of the violations of Plaintiff's common law and constitutional rights alleged herein, Plaintiff has sustained grave bodily injuries, suffered unbearable physical pain, and continues to suffer same and has been permanently injured and damaged, physically, mentally and emotionally.

41. Plaintiff has also sustained financial losses/damages and would continue to sustain same as a result of the actions of the defendants complained of herein.

42.  The actions of Police Officer Joseph Vellozzi, Police Officer Matthew Donaldson, Police Officer Richard Hurley, Police Officer Piero Olcese and  Lt. Richard Doheny were callous, wanton,  premeditated, done intentionally and knowingly to deprive Plaintiff of his constitutional rights and Plaintiff is entitled to substantial punitive damages against them.

-10-

## AS FOR A FIRST CAUSE OF ACTION

43.  Plaintiff Fletcher Quiller was gravely brutalized by Police Officer employees of the City of Yonkers and the Yonkers Police Department and in violation of his common law right not to be battered and assaulted without reasonable cause.

44.  As a result of the said battery and assault committed against Plaintiff, Plaintiff has suffered great physical pain and suffering, sustained serious emotional injuries and has been permanently damaged physically and mentally, and sustained financial losses, and the City of Yonkers is liable to Plaintiff under the common law for the actions of its Police officers who were acting as it's agents.

## AS FOR A SECOND CAUSE OF ACTION

45.  Fletcher Quiller repeats and realleges paragraphs 1 through 44 as if each paragraph is repeated verbatim herein.

46.  Police Officers Joseph Vellozzi,  Matthew Donaldson, Richard Hurley and Piero Olcese used excessive force when they grievously battered and brutalized Mr. Quiller without reasonable cause or justification having regard to the whole circumstances and the situation facing the officers in violation of his constitutional right not to be subjected to the use of excessive force guaranteed to him by the 4th and 14th Amendments to the Constitution and by 42 U.S.C. § 1983.

-11-

47.  As a result of the said battery and assault committed against Plaintiff, Plaintiff has suffered great physical pain and suffering, sustained serious emotional injuries and has been permanently damaged physically and mentally, and has sustained and will continue to sustain financial losses/damages as a result of the actions of the individual officers and Defendant Officers are liable to the Plaintiff for the violation of his constitutional right not to be subjected to excessive forced guaranteed to him by the 4th and 14th Amendments and by 42 U.S.C. § 1983 and 1985, as amended.

## AS FOR A THIRD CAUSE OF ACTION

48.  Fletcher Quiller repeats and realleges paragraphs 1 through 47 as if each paragraph is repeated verbatim herein.

49.  Fletcher Quiller was gravely brutalized by Police Officers Joseph Vellozzi,  Matthew Donaldson, Richard Hurley and Piero Olcese in violation of his common law right not to be battered and assaulted without reasonable cause.

50.  As a result of the said battery and assault committed against Plaintiff, Plaintiff has suffered great physical pain and suffering, sustained serious emotional injuries and has been permanently damaged physically, mentally and financially and Police Officers Joseph Vellozzi, Matthew Donaldson, Richard Hurley and Piero Olcese are liable to Plaintiff under the common law for the injuries he sustained as a result of their actions

-12-

## AS FOR A FOURTH CAUSE OF ACTION

51. Fletcher Quiller repeats and realleges paragraphs 1 through 50 as if each paragraph is repeated verbatim herein.

52. Lt. Richard Donehy conspired with Police Officers Joseph Vellozzi, Matthew Donaldson, Richard Hurley and Piero Olcese to lie about what happened to Plaintiff, charge him with various crimes he did not commit in order to cover up their brutal assault on him and to subject Plaintiff to malicious prosecution.

53. Had the defendant Police Officers not made up felony charges against Plaintiff, Plaintiff would have, in all likelihood, been released on his own recognizance and a very high bail would not have been set and Plaintiff would have spent at most a couple of days in jail.

54. Because Plaintiff was charged with a felony (or felonies) which the officers knew there was no evidence to support and that the felonies would never be successfully prosecuted, which charges were later changed to misdemeanor(s) (plaintiff pled guilty to criminal mischief which took care of all the charges pending against him including his arrest for criminal mischief in another incident when he tried to help fire fighters fight a fire by attempting to attach a fire truck's hose to a hydrant) Plaintiff spent almost four months incarcerated which was at least three months more time than he would have spent under any circumstances had defendants not maliciously inflated the charges.

-13-

55.  As a result of his malicious prosecution Plaintiff was deprived of his liberty which he would not otherwise have been deprived of by Lt. Richard Donehy, Police Officers Joseph Vellozzi,  Matthew Donaldson, Richard Hurley and Piero Olcese in violation of both his constitutional rights and common law rights not to be subjected to malicious prosecution.

## AS FOR A FIFTH CAUSE OF ACTION

56.  Fletcher Quiller repeats and realleges paragraphs 1 through 55 as if each paragraph is repeated verbatim herein.

57.  Lt. Richard Donehy conspired with  Police Officers Joseph Vellozzi,  Matthew Donaldson, Richard Hurley and Piero Olcese to lie about what happened to Plaintiff, charge him with various crimes he did not commit in order to cover up their brutal assault on him and subjected Plaintiff to malicious prosecution.

58.   In doing what he did instead of trying to correct and discipline his officers who had committed serious criminal assault on Plaintiff Quiller, Lt. Donehy, condoned, ratified, accepted and adopted the assault of his officers on Plaintiff and is thereby liable to Plaintiff for the unconstitutional use of excessive force on Plaintiff.

## AS FOR A SIXTH CAUSE OF ACTION

59.  Fletcher Quiller repeats and realleges paragraphs 1 through 58 as if each paragraph is repeated verbatim herein.

-14-

60. Lt. Richard Donehy conspired with Police Officers Joseph Vellozzi, Matthew Donaldson, Richard Hurley and Piero Olcese to lie about what happened to Plaintiff, arrest him without probable or reasonable cause, and charge him with various crimes he did not commit in order to cover up their brutal assault on him and to subject Plaintiff to false arrest/false imprisonment.

61. Defendant Police Officers were informed that Plaintiff shared the apartment with his girlfriend and had documentation to prove it and, upon information and belief, were also given the same information by Ms. Clarke who had told the Police that she did not want Plaintiff to stay in the premises that night.

62. When Defendant Police Officers arrived at the premises, Plaintiff was willing, ready and pleading to be allowed to leave peacefully but Defendants decided to brutalize him. To defendant's knowledge, Plaintiff did not assault or touch Ms. Clarke in any way and Plaintiff did not resist arrest but in fact put his hands in the air and wanted to be peacefully arrested (if the officers so desired although he had committed no crime) and was at all times compliant knowing how vicious Yonkers Police is.

63. Although Defendants knew that Plaintiff did not commit any burglary, assault them or anybody else, and in no way resisted arrest, he was still falsely and maliciously arrested by Defendant Police Officers so that they may "get their story right".

64. Because Plaintiff was falsely arrested, he spent almost four months in jail and has been damaged thereby and Defendants are liable to the Plaintiff for arrest without probable/reasonable cause in violation of his constitutional and common law rights.

## AS FOR THE SEVENTH CAUSE OF ACTION

65. Fletcher Quiller repeats and realleges paragraphs 1 through 64 as if each paragraph is repeated verbatim herein.

66. The individual Police Officers were acting in the course of their employment and as agents of the City of Yonkers and the Yonkers Police Department when they falsely arrested him and maliciously prosecuted him and The City of Yonkers is liable to the Plaintiff under the common law principle of respondeat superior and/or principal-agent relationship for the false imprisonment and malicious prosecution..

**WHEREFORE,** Plaintiff prays for judgment, awarding him:

1. For the first cause of action, against the City of Yonkers and Yonkers Police Department;

    i.      For past pain and suffering and mental and emotional anguish, $4,000,000.00, for future pain and suffering and emotional and mental anguish, $4,000,000.00;

    ii.     Lost wages/ earning power, in the amount to be proved at trial and in accordance with proof;

    iii.    Past and future medical expenses, undetermined at this time, in the amount to be

proved at trial and in accordance with proof;

    iv.     Costs and disbursements of this action;

    v.     Such other relief as Plaintiff may be shown entitled to.

2. For the 7th cause of action, against the City of Yonkers and Yonkers Police

Department;

    i.     For false arrest, false imprisonment and malicious prosecution, $400,000.00;

    ii.     Lost wages, in the amount to be proved at trial and in accordance with proof;

    iii.     Costs and disbursements of this action;

    iv.     Such other relief as Plaintiff may be shown entitled to.

3. Against Lt. Richard Donehy, Police Officers Joseph Vellozzi,  Matthew Donaldson,

Richard Hurley and Piero Olcese, under the 2nd, 4th, 5th, and 6th constitutional claims;

    i.     Damages for each cause of action in the amount to be proved at trial and in
        accordance with proof;

    ii.     Lost wages and future economic losses in the amount to be proved at trial and in
        accordance with proof;

    iii.     Statutory attorneys fees, costs and disbursements of this action;

    iv.     Punitive damages against each individual officer in the amount to be proved at
        trial and in accordance with proof;

    v.     Such other relief as Plaintiff may be shown entitled to.

4. Against Lt. Richard Donehy, Police Officers Joseph Vellozzi,  Matthew Donaldson,

Richard Hurley and Piero Olcese, under the 3rd 4th,  and 6th common law causes of actions;

    i.     Damages for each cause of action in the amount to be proved at trial and in

-17-

accordance with proof;

ii.      Lost wages and future economic losses in the amount to be proved at trial and in

accordance with proof;

iii.      Costs and disbursements of this action;

iv.      Punitive damages against each individual officer in the amount to be proved at

trial and in accordance with proof;

v.      Such other relief as Plaintiff may be shown entitled to.

Dated: Brooklyn, New York
       September 5, 2006

OFODILE & ASSOCIATES, P.C.

By: _____

Anthony C. Ofodile, Esq. (AO-8295)
Attorneys for Plaintiff
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

-18-