UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FLETCHER QUILLER,

                        Plaintiff,

              -against-                      **MEMORANDUM DECISION AND ORDER**

THE CITY OF YONKERS, POLICE OFFICER
JOSEPH VELLOZZI, POLICE OFFICER                    06 Civ. 6848 (GAY)
MATTHEW DONALDSON, POLICE OFFICER
RICHARD HURLEY, POLICE OFFICER PIERO
OLCESE, LIEUTENANT RICHARD DOHENY,
POLICE COMMISSIONER ROBERT TAGGART
and YONKERS POLICE DEPARTMENT,

                      Defendants.
------------------------------------------------------------------X

On September 6, 2006, plaintiff Fletcher Quiller commenced this action pursuant to 42 U.S.C. § 1983 and New York State law against the City of Yonkers, the City of Yonkers Police Department, Police Commissioner Robert Taggart and several Yonkers police officers. Plaintiff specifically alleges that, on or about March 19, 2006, the named defendant police officers (1) falsely arrested plaintiff for burglary, assault and resisting arrest and (2) subjected him to excessive force. Plaintiff further alleges that he was maliciously prosecuted until July 3, 2006, at which time the Westchester County District Attorney's Office filed a superseding indictment, pursuant to which the burglary charge was dismissed. Presently before this Court is defendants' motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below, defendants' motion is granted in part.[1]

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial." FRCP 56(e).

When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

## II. YONKERS POLICE DEPARTMENT

Plaintiff asserts claims against the City of Yonkers and its Police Department. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, New York law governs the capacity of administrative departments to sue or to be sued. "Under New York law,

departments such as the [City of Yonkers] Police Department, which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." Fanelli v. Town of Harrison, 46 F. Supp.2d 254, 257 (S.D.N.Y. 1999). Here, the Yonkers Police Department is merely an administrative arm of the City of Yonkers; the City is the real party in interest. Accordingly, all claims against the Yonkers Police Department are dismissed.

### III. FALSE ARREST

A claim for false arrest under § 1983 is substantially the same as a claim for false arrest under New York law. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). It is well-settled that "[t]he existence of probable cause to arrest . . . is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Id. (internal quotation and citation omitted). Probable cause exists where police officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id.

Even absent probable cause to arrest, a police officer is entitled to qualified immunity if he can demonstrate that there was arguable probable cause for the arrest. See Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Id. (quotation and citation omitted). "'Arguable' probable cause should not be misunderstood to mean 'almost' probable cause. . . . If officers of

3

reasonable competence would have to agree that the information possessed by the officer at the time of arrest did not add up to probable cause, the fact that it came close does not immunize the officer." Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007). As with the issue of probable cause, the relevant inquiry centers on the officer's knowledge at the time of the arrest. See Escalera, 361 F.3d at 747-48. Ultimately, if an officer "reasonably but mistakenly concluded that probable cause existed, the officer is entitled to qualified immunity." See Lee v. McCue, No. 04-Civ-6077, 2007 WL 2230100, at *2 (S.D.N.Y. July 25, 2007).

Pursuant to New York Penal Law §140.05, "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." Here, the undisputed facts establish the following: Nicole Clarke, plaintiff's ex-girlfriend, called 911 and stated that her ex-boyfriend was on the fire escape outside her fifth floor apartment, shining a flashlight through the window and looking at Ms. Clarke and her child. Ms. Clarke stated that her ex-boyfriend "won't leave us alone" and asked the police to please hurry to her apartment. See Notice of Motion, Exhibit D (transcript of 911 call). As the officers entered Ms. Clarke's apartment, they saw plaintiff on the fire escape outside the window. Based upon these undisputed facts, the defendant police officers had probable cause–or, at least, arguable probable cause–to arrest plaintiff for trespass. Accordingly, plaintiff's false arrest claims are dismissed.

## IV. MALICIOUS PROSECUTION

Federal courts must look to state law when deciding claims of malicious

prosecution. See Alicea v. City of New York, No. 04 Civ. 1243, 2005 WL 3071274, at *6 (S.D.N.Y. Nov. 15, 2005). In New York, the plaintiff in an action for malicious prosecution has the heavy burden of establishing: 1) the commencement or continuation of a proceeding by the defendant against the plaintiff; 2) the termination of the proceeding in favor of the accused; 3) the absence of probable cause for the proceeding; and 4) malice. See Smith-Hunter v. Harvey, 95 N.Y.2d 191, 195, 734 N.E.2d 750 (2000). Additionally, in order to succeed on his § 1983 malicious prosecution claim, plaintiff must demonstrate a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights. See Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

As to the first element of a malicious prosecution claim, "[t]here is a presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding." See Brome v. City of New York, No. 02 Civ. 7184, 2004 WL 502645, at *5-6 (S.D.N.Y. Mar. 15, 2004). Plaintiff may overcome the presumption by "demonstrating that the defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." See Espada v. Schneider, 522 F. Supp.2d 544, 553 (S.D.N.Y. 2007).

> Applying these principles to claims against police officers, courts have found a triable issue of fact as to the initiation element where the defendant-officer brought formal charges and had the person arraigned, filled out complaining and corroborating affidavits, swore to and signed a felony complaint, or created false information and forwarded it to prosecutors.

Id. Here, in the first instance, the record is devoid of evidence that any named defendant other than Officer Donaldson initiated, continued or played an active role in

the prosecution of the burglary charge against plaintiff. Accordingly, plaintiff's malicious prosecution claims against defendants Vellozzi, Hurley, Olcese and Doheny are dismissed. However, as to the substance of plaintiff's malicious prosecution claims against defendant Donaldson and the City of Yonkers, there are genuine factual issues which may reasonably be resolved in favor of either party. Accordingly, summary judgment must be denied as to plaintiff's malicious prosecution claims against Officer Donaldson and the City of Yonkers. .

## V. REMAINING CLAIMS

As to the remaining claims, a review of the entire record indicates numerous triable factual issues including, but not limited to, whether there was probable cause to prosecute plaintiff for burglary and whether plaintiff was subjected to excessive force in the course of his arrest. Accordingly, defendants' motion is **denied in all other respects**.

## IX. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is **GRANTED IN PART** and the following claims are dismissed: (1) all claims against the Yonkers Police Department; (2) all false arrest claims; and (3) the malicious prosecution claims against defendants Vellozzi, Hurley, Olcese and Doheny. Thus, **summary judgment is denied as to the following claims**: (1) the malicious prosecution claims against Officer Donaldson and the City of Yonkers; (2) the excessive force claims; (3)

**judgment is denied as to the following claims**: (1) the malicious prosecution claims against Officer Donaldson and the City of Yonkers; (2) the excessive force claims; (3) claims for assault and battery; (4) the *Monell* claims against the City of Yonkers; and (5) the claim against Commissioner Taggart, sued only in his official capacity.

The Court shall conduct a **telephone conference** on Monday, January 25, 2010, at 9:00 a.m. Plaintiff shall initiate the call.

The Clerk of the Court is respectfully requested to terminate the pending motion (Docket # 16-17).

Dated: January 5, 2010
White Plains, NY

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.